ALBERT CRANE AND ANTHONY SICORANSA, RESPONDENTS, v. PIETRO DE LUCA, APPELLANT.

Submitted October 6, 1926—Decided February 28, 1927.

**Sale of Real Estate—Return of Deposit—Sale Not Consummated —Evidence to Show That Contract was Abrogated and That Defendant to Return Deposit if a Sale of the Property was Made Within Two Months—Such a Sale was Made—Judgment For Plaintiff Affirmed.**

On appeal from the East Orange District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Wolber & Gilhooly.*

For the respondents, *Milton S. Goldberg.*

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiffs rendered in the District Court of East Orange by the judge sitting without a jury. The action was to recover the sum of $100 paid as a deposit upon the making of a written contract between the parties whereby the plaintiffs agreed to purchase and the defendant agreed to convey premises 155 and 157 North Fifteenth street, in the city of East Orange, settlement to be made May 1st, 1926. The contract was not carried out, but in the agreed state of facts appears the following: "During the month of March the plaintiffs visited the defendant and stated that they did not wish to continue the contract because they were unable to obtain the mortgage necessary to finance the same. During the conversation with the defendant the contracts of both parties were torn up, the defendant agreeing to return the deposit to the plaintiffs if he sold the property within two months." It further appears that the defendant did sell the property within the two months following the date of this conversation.

At the close of the plaintiff's case the defendant moved for a nonsuit and assigned as grounds therefor that the plaintiffs had failed to establish a cause of action; that they had not shown any consideration for the oral promise to return the deposit; that the plaintiffs had failed to show that the property was sold within two months.

The motion for nonsuit was denied and an exception prayed and allowed. A similar motion was made at the end of the entire case for a judgment in favor of the defendant, which was also denied.

The only real question in the case is whether the state of the case shows sufficient consideration for the defendant's promise to return the deposit. It seems to us that an ade-

quate consideration is clearly exhibited as a result of the conversation above quoted. There is the expression of a desire on the part of the plaintiffs to rescind the contract and an implied request to the defendant to acquiesce therein; and, as we think, a like implied acquiescence of the defendant in this request evinced by the voluntary tearing up of the contracts held by the parties and the defendant agreeing to return the deposit money. In this the plaintiffs relinquished their right to purchase and the defendant was relieved of the obligation to convey, and as a part of the entire transaction the defendant agreed to return the deposit if he could sell the property within two months, which he did. In our view the state of the case presented an adequate cause of action which justified the judgment rendered in the court below.

It is therefore affirmed.